UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUSTIN HATCHER, A.K.A. LEXI HATCHER,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>G. JUNES, et al.,<br><br>　　　　　Defendants. | No.  2:19-cv-0793 AC P<br><br><br>ORDER |

Plaintiff, a state prisoner proceeding pro se and in forma pauperis, has filed this civil rights action seeking relief under 42 U.S.C. § 1983.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.  Before the court is defendants' motion to stay these proceedings pending the resolution of plaintiff's criminal case.  ECF No. 29.

I.　　　RELEVANT PROCEDURAL HISTORY

Plaintiff alleges that defendants Brazil, Benevides, Vina, Perez and Junes, correctional officers at Mule Creek State Prison, used excessive force against her and that she was subjected to sexually inappropriate touching.  The allegations arise from an incident that occurred on December 13, 2018. ECF No. 10 (First Amended Complaint).  On April 2, 2021, the court found that the First Amended Complaint stated cognizable claims for relief.  ECF No. 14.

After service was accomplished and defendants opted out of participation in the court's Alternative Dispute Resolution Program, they were ordered to respond to the complaint. ECF Nos. 27, 28. Instead of an answer or a motion under Rule 12, Fed. R. Civ. P., defendants filed the instant motion for a stay. Plaintiff has not filed an opposition within the time permitted, nor has she requested additional time to do so. Accordingly, pursuant to Local Rule 230(1), the motion is deemed submitted.

II.     MOTION TO STAY

Defendants seek a stay of these proceedings pending plaintiff's prosecution for felony aggravated battery and battery on a non-prisoner. Plaintiff was charged in Amador County Case No. 19-CR-29057 with committing these offenses against Correctional Officer Brazil, one of the defendants in the civil rights case, on December 13, 2018. Defendants represent that the criminal charges arise from the same incident as plaintiff's civil rights claims; the date of the alleged criminal offenses and civil rights violations is the same. When the stay motion was filed on August 4, 2021, plaintiff's criminal case was awaiting arraignment on the Information following multiple continuances. See ECF No. 30 (criminal case docket report).[1]

Defendants contend that abstention and a corresponding stay are appropriate "where—as here—the claims raised in a civil action overlap with pending criminal proceedings." ECF No. 29 at 2. First, relying primarily on Keating v. Office of Thrift Supervision, 45 F.3d 322, 324 (9th Cir. 1995), they argue that this action should be stayed because the pending criminal prosecution involves the same "nucleus of facts" as this civil rights action. ECF No. 29 at 3. Second, they invoke the abstention doctrine announced in Younger v. Harris, 401 U.S. 37 (1971). ECF No. 29 at 5-6. Below, the court addresses these issues in reverse order.

III.    STANDARDS

"In the main, federal courts are obliged to decide cases within the scope of federal jurisdiction. Abstention is not in order simply because a pending state-court proceeding involves

---

[1] The court grants defendants' request for judicial notice (ECF No. 30) of the docket report and the criminal complaint in Amador County Case No. 19-CR-29057. See Rule 201, Fed. R. Evid.; Valerio v. Boise Cascade Corp., 80 F.R.D. 626, 635 n.1 (N.D. Cal. 1978), aff'd, 645 F.2d 699 (9th Cir.), cert. denied, 454 U.S. 1126 (1982).

the same subject matter." Sprint Communications, Inc. v. Jacobs, 571 U.S. 69, 72 (2013). Certain "exceptional" classes of cases do support abstention, however. New Orleans Public Service, Inc. v. Council of City of New Orleans, 491 U.S. 350, 367 (1998). The paradigmatic example is Younger v. Harris, 401 U.S. 37 (1971), which "exemplifies one class of cases in which federal-court abstention is required: When there is a parallel, pending state criminal proceeding, federal courts must refrain from enjoining the state prosecution." Sprint, 571 U.S. at 72. Younger abstention "remains an extraordinary and narrow exception to the general rule" obligating federal courts to decide federal questions that have been presented to them. Cook v. Harding, 879 F.3d 1035, 1038 (9th Cir. 2018) (quoting Nationwide Biweekly Admin., Inc. v. Owen, 873 F.3d 716, 727 (9th Cir. 2017) (internal quotation marks omitted)).

As the Ninth Circuit has explained, "Younger principles apply in an action for damages pursuant to 42 U.S.C. § 1983 in which the federal plaintiff brings a constitutional challenge to a state proceeding when that proceeding is ongoing; the state proceeding is of a judicial nature, implicating important state interests; and the federal plaintiff is not barred from litigating his federal constitutional issues in that proceeding." Gilbertson v. Albright, 381 F.3d 965, 984 (9th Cir. 2004). Younger thus prohibits federal courts from directly enjoining state prosecutions, 401 U.S. at 45, and also from substantially interfering with ongoing state prosecutions by entertaining claims that seek to enforce the rights of the criminal defendant in the state forum. See Mann v. Jett, 781 F.2d 1448 (9th Cir. 1986) (abstention appropriate where § 1983 plaintiff sought damages for denial of right to counsel in ongoing state criminal case).

In sum, Younger abstention is appropriate if four requirements are met: (1) a state-initiated proceeding is ongoing; (2) the proceeding implicates important state interests; (3) there is an adequate opportunity in the state proceedings to raise constitutional challenges, and (4) the requested relief either seeks to enjoin or has the practical effect of enjoining the ongoing state judicial proceeding. See Arevalo v. Hennessy, 882 F.3d 763, 765 (9th Cir. 2018). All four elements must be satisfied to warrant abstention. See AmerisourceBergen Corp. v. Roden, 495 F.3d 1143, 1148 (9th Cir. 2007).

////

Absent abstention, the decision whether to stay proceedings is within the court's discretion. See Securities & Exchange Comm'n. v. Dresser Indus., 628 F.2d 1368, 1376 (9th Cir. 1980) (citing United States v. Kordel, 397 U.S. 1, 12 n. 27 (1970)).

IV.   DISCUSSION

The Younger abstention doctrine prevents a state criminal defendant from seeking federal court relief from an ongoing state prosecution or federal court adjudication or enforcement of rights applicable in the state forum. It does not apply where the criminal defendant (and federal plaintiff) seeks civil remedies in federal court that are independent of the state proceeding, even when the facts underlying the prosecution and the civil suit overlap. See Sprint, 571 U.S. at 72 (common subject matter does not support abstention). Defendants provide no authority for their broad assertion that factual "overlap" is enough to support Younger abstention, and the court is aware of no such authority. The dispositive question is not whether the facts overlap, but whether the requested relief "seek[s] to enjoin" or has "the practical effect of enjoining" the ongoing state judicial proceeding. ReadyLink Healthcare, Inc. v. State Comp. Ins. Fund, 754 F.3d 754, 758 (9th Cir. 2014); see also Arevalo, 882 F.3d at 765.

Here, plaintiff does not come to federal court challenging the constitutionality of the ongoing state proceeding. See Gilbertson, 381 F.3d at 984. Nor does she seek intervention of any kind in the state criminal case. Defendants, who have the burden on this motion, have not identified a single concrete way that litigation of this civil case would substantially interfere with the state court criminal proceeding.[2] Absent such interference, there is no basis for a finding that this court's exercise of its jurisdiction would have the "practical effect of enjoining" plaintiff's prosecution. See ReadyLink, 754 F.3d at 758; see also Mann, 781 F.2d at 1449 (Younger bars civil action that "would have a substantially disruptive effect upon ongoing state criminal

////

////

---

[2] Defendants do argue that abstention would benefit "the integrity and order of this [civil] lawsuit by resolving issues in the criminal matter that will ultimately have an effect on this suit[.]" ECF No. 29 at 6. Such considerations are not relevant to Younger abstention.

proceedings.").[3] For these reasons, the undersigned concludes that <u>Younger</u> abstention does not apply.

In the alternative to <u>Younger</u> abstention, defendants seek a discretionary stay based on the asserted practical benefits of achieving a result in the criminal case prior to substantive litigation in the civil case. The asserted benefits all accrue to defendants. For example, if plaintiff is convicted of battery on Officer Brazil, defendants may assert the <u>Heck</u> bar,[4] seek the benefit of issue preclusion, or raise other defenses based on the conviction. ECF No. 29 at 5. Defendants also contend that a stay is appropriate because parallel state and federal proceedings might create a conflict between the orderly progress of civil discovery and plaintiff's Fifth Amendment rights. <u>Id.</u> The court is unpersuaded by these arguments.

None of the cases that defendants cite in support of a stay are on point; indeed, to the extent they are relevant at all, they fail to support defendants' position. In <u>Keating v. Office of Thrift Supervision</u>, 45 F.3d 322 (9th Cir. 1995), the Court of Appeals held that due process was not violated by denial of a stay of a civil enforcement action pending criminal proceedings. Keating, who faced simultaneous criminal prosecution and civil enforcement action, unsuccessfully claimed that he was entitled to a stay because the pendency of criminal proceedings forced him to invoke his Fifth Amendment privilege during the administrative hearing, thus depriving him of an opportunity to testify on his own behalf. <u>Keating</u>, 45 F.3d at 324. Here, the prospect that plaintiff may invoke her Fifth Amendment privilege at deposition (or otherwise in discovery) because of the ongoing prosecution, while not unrealistic, remains speculative. Defendants have not yet answered the complaint, discovery has not commenced, and

---

[3] Moreover, <u>Younger</u> abstention is appropriate only where the civil plaintiff can litigate her constitutional issues in the context of the state court criminal proceeding. See <u>Arevalo</u>, 882 F.3d at 765. That is obviously the case when a criminal defendant challenges the constitutionality of the statute under which she has been charged, or seeks to vindicate her Sixth Amendment or due process rights in relation to the criminal case. Plaintiff's prosecution, on the other hand, does not provide a forum for litigating the questions whether her constitutional rights were violated by any of the five civil defendants. Even as to Officer Brazil, and even assuming arguendo that plaintiff were to affirmatively raise self-defense or otherwise challenge Brazil's actions, the relevant facts and legal standards would be distinct from the constitutional issues presented here.

[4] <u>Heck v. Humphrey</u>, 512 U.S. 477, 487 (1994) (barring claims for damages under § 1983 if a favorable judgment would necessarily imply the invalidity of prisoner's conviction or sentence).

plaintiff may take any number of positions on any common issues of fact in the two cases. In any event, "[a] defendant has no absolute right not to be forced to choose between testifying in a civil matter and asserting his Fifth Amendment privilege." Id. at 326. Accordingly, a purely hypothetical Fifth Amendment issue, which the holder of the privilege has not even presented, does not support a stay.

Fed. Saving & Loan Ins. Corp. v. Molinaro, 889 F.2d 899, 902 (9th Cir. 1989), and Securities & Exchange Comm'n. v. Dresser Indus., 628 F.2d 1368, 1376 (9th Cir. 1980), like Keating, both affirmed the district court's denial of stays that had been requested by persons subjected to simultaneous criminal and civil proceedings arising from the same alleged misconduct. In all three of these cases, unlike the matter before this court, the civil party who was the criminal defendant sought the stay in reliance on his own rights—and stays were rejected in all three of those cases despite that party's actual (rather than speculative and future) conflicting interests in the two proceedings.

Wallace v. Kato, 549 U.S. 384 (2007), which defendants cite for the broad proposition that civil cases should be stayed during the pendency of related criminal cases, involved yet another issue unrelated to this case: the timeliness of § 1983 claims which imply the invalidity of criminal charges. After Wallace's murder conviction was overturned based on a lack of probable cause for arrest, he sued the arresting police officers under § 1983 for false imprisonment. Because a false imprisonment or false arrest claim depends on the illegality of the arrest, it necessarily implies the invalidity of a subsequent conviction and therefore is barred by Heck v. Humphrey, 512 U.S. 477 (1994), unless and until the conviction is overturned.[5] Accordingly, Wallace could not bring suit until after his conviction was vacated. The timeliness-related question, on which certiorari was granted, was whether plaintiff's cause of action accrued at the time of his arrest or when his conviction was overturned and the claim was no longer Heck-barred. Wallace, 549 U.S. at 386, 387. The Court held that the statute of limitations for a Fourth Amendment false arrest claim, when the arrest is followed by criminal proceedings, begins to run

---

[5] See n.4, supra.

at the time the claimant becomes detained pursuant to legal process. Id. at 391. None of this is relevant to the case at bar.

Defendants rely on dicta in Wallace noting that when a civil claim is filed before competition of criminal proceedings that would result in a Heck bar, a stay of the civil action may be imposed. In the course of discussing Heck, and declining to adopt its favorable termination rule as a measure of claim accrual, the Court stated:

> If a plaintiff files a false-arrest claim before he has been convicted (or files any other claim related to rulings that will likely be made in a pending or anticipated criminal trial), it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended.

Id. at 393-394.

That a discretionary stay might be appropriate in a Heck-type situation does not mean that such a stay is appropriate here. Plaintiff's § 1983 claims—unlike the claims for false arrest or malicious prosecution discussed in Heck and Wallace—will not necessarily be extinguished or barred by a conviction in state court. Excessive force claims are not inherently inconsistent with convictions for resisting arrest or battery against an officer, because a single altercation may involve acts of the accused that support a criminal conviction *and* distinct acts of the officer that support civil liability. See Smith v. City of Hemet, 394 F.3d 689, 698-99 (9th Cir.) (en banc) (Heck does not bar excessive force claims arising from conduct distinguishable from the facts giving rise to plaintiff's conviction), cert. denied, 545 U.S. 1128 (2005).[6] Where Heck would not necessarily bar a claim after conviction, the reasoning of Wallace does not support a stay pending prosecution.

////

---

[6] See also, Beets v. County of Los Angeles, 669 F.3d 1038, 1042 (9th Cir. 2012) (police excessive force claim not Heck-barred if "distinct temporally or spatially from the factual basis for the person's conviction"); Sanford v. Motts, 258 F.3d 1117, 1120 (9th Cir. 2001) (excessive force used after arrest is made does not destroy the lawfulness of the arrest, so § 1983 claim not barred by conviction); Hooper v. County of San Diego, 629 F.3d 1127, 1133 (9th Cir. 2011) (Heck does not bar an excessive force claim based on allegations that the force used was unreasonable in relation to the degree of resistance to arrest).

The undersigned is well aware that parallel civil and criminal proceedings may lead to tricky preclusion issues depending on which case reaches resolution first, and how it is resolved. But if that were enough to support a stay, stays would be the rule rather than the exception. The general rule is that civil proceedings may be, as they frequently are, conducted at the same time as related criminal proceedings. See Keating, 45 F.3d at 324. On the present record, the court finds a stay unwarranted.[7]

## CONCLUSION

For the reasons explained above, the court concludes that Younger abstention does not apply and that the court's duty to exercise its jurisdiction is not overcome by any countervailing considerations. Accordingly, IT IS HEREBY ORDERED that:

1. Defendant's motion for a stay, ECF No. 29, is DENIED;
2. Defendants shall file their answer or other response contemplated by Rule 12, Fed. R. Civ. P., within 30 days.

DATED: September 22, 2021

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

---

[7] This ruling is without prejudice to any party seeking future relief from any scheduling order, bringing any discovery-related motion, or seeking a temporary discretionary stay based on changed circumstances. In particular, plaintiff is not precluded from raising in this case any issues than may arise regarding a possible conflict between her Fifth Amendment rights and her civil discovery obligations. Because the criminal case is ongoing and plaintiff is represented in that case, defense counsel are obligated to notify plaintiff's criminal defense attorney of any notice of plaintiff's deposition or discovery served on plaintiff prior to the conclusion of the criminal matter.