UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUSTIN HATCHER, A.K.A. LEXI HATCHER,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>JUNES, et al.,<br><br>　　　　　Defendants. | No. 2:19-cv-0793 AC P<br><br><br>ORDER |

Plaintiff, a state prisoner proceeding pro se and in forma pauperis, seeks relief under 42 U.S.C. § 1983. The case is before the court on defendants' motion to compel plaintiff's discovery responses. ECF No. 36. Plaintiff failed to file an opposition or statement of non-opposition. The matter is therefore deemed submitted. See Local Rule 230(l). For the reasons stated below, defendants' motion will be granted in part and denied in part, and plaintiff will be ordered to respond to defendants' propounded discovery.

　　I.　DEFENDANTS' MOTION TO COMPEL

Defendants state that on December 6, 2021, they served plaintiff with interrogatories, requests for admissions, and requests for production.[1] ECF No. 36. Thereafter, on February 7,

---

[1] Defendants also sent copies of the discovery requests to the defense attorney currently representing plaintiff in her state criminal proceeding, as this court had directed. ECF No. 36 at 3.

1

2022, they sent plaintiff a meet-and-confer letter asking her to provide responses to the discovery requests.[2] Id. at 3. When she failed to respond, defendants sought and were granted an extension of the discovery deadline in order to pursue responses to the discovery requests through informal means, and bring a motion to compel if necessary. Plaintiff never responded to the requests.

Defendants' requests for discovery seek information related to the threshold issue of administrative exhaustion and information related to plaintiff's claims for relief. ECF No. 36 at 3. Among other things, plaintiff was asked to identify possible witnesses and other individuals who may have relevant information regarding the factual basis for her claims. Id. at 3-4.

With respect to their interrogatories and requests for production, defendants argue that plaintiff's failure to respond in a timely manner constitutes a waiver of any objection. See ECF No. 36 at 4 (citing Richmark Corp. v. Timber Falling Consultants, 959 F.2d 1468, 1473 (9th Cir. 1992)). Accordingly, they argue that the court should compel plaintiff to provide responses without objection. Id.

As for their requests for admission, defendants contend that plaintiff's failure to respond should result in the matters being deemed admitted. ECF No. 36 at 4-5 (citing Federal Rule of Civil Procedure 36(a)(3)).

Finally, defendants ask that plaintiff be ordered to pay their expenses for bringing the instant motion to compel, pursuant to Federal Rule of Civil Procedure 37(a)(5)(A). ECF No. 36 at 5. They request $990.00 in reimbursement of costs. Id.

II.   DISCUSSION

The record supports defendants' summary of events leading to this motion to compel. The discovery and scheduling order issued on October 26, 2021, ordered the parties to have completed discovery by March 4, 2022. See ECF No. 33 at 6. On February 22, 2022, the court granted defendants' motion to modify the scheduling order. See ECF Nos. 34, 35. The modification extended the discovery and pretrial motion deadlines by thirty-one days, making April 4, 2022,

---

[2] Defendants state that per the court's order, this letter was also sent to defense counsel, and that to date, they have received no response from plaintiff's counsel about the discovery requests. ECF No. 36 at 3.

the new deadline for the parties to complete discovery.³ ECF No. 35. On March 9, 2022, defendants filed the instant motion to compel.

Plaintiff's first amended complaint states cognizable excessive force and equal protection claims. ECF Nos. 10, 14 at 5. Upon review of the discovery propounded by defendants (see ECF No. 36 at 9-28), the court finds that the requests seek information that is discoverable because relevant to a claim or defense and proportional to the needs of the case. Fed. R. Civ. P. 26(b). The requests comply with Rules 33 (interrogatories), 34 (production of documents) and 36(a) (requests for admission). Plaintiff has made no record of any reason for noncompliance with these requests, and none is apparent.

Having failed to respond in any way to defendants' legitimate discovery requests, plaintiff has also failed to respond to the motion to compel. Despite plaintiff's pro se status, she is required to follow all orders of this court as well as all federal and local rules. King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants."). Having initiated this lawsuit, plaintiff must participate in the litigation process. For all these reasons, defendants' motion to compel will be granted.

When a motion to compel is granted, the party whose conduct necessitated the motion must, in most cases, be required to pay the movant's reasonable expenses incurred in making the motion—but this requirement may be excused when the circumstances "make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A)(iii). In this case the court concludes that a levy of costs on plaintiff, who is indigent, would place an excessive financial burden on her and is unlikely to be paid, and for these reasons would be unjust. Accordingly, an award of expenses will be denied.

Accordingly, IT IS HEREBY ORDERED that:

1. Defendants' motion to compel plaintiff's discovery responses (ECF No. 36) is:

   a. GRANTED IN PART to the extent that plaintiff will be ordered to respond to the

---

³ On March 18, 2022, defendants subsequently requested, and the court granted, a second modification of the discovery and scheduling order. See ECF Nos. 37, 38. That order vacated the discovery and dispositive motion deadlines, which are to be reset as necessary after the court rules on the instant motion to compel. ECF No. 38.

outstanding interrogatories and requests for production of documents, and the matters specified in defendants' requests for admission are deemed admitted; and

      b.  DENIED IN PART as to the request for monetary sanctions.

2. Within thirty days from the date of this order, plaintiff shall serve complete and signed responses, without objection, to defendants' interrogatories and requests for production of documents.

Plaintiff is cautioned that failure to comply with this order within the period allotted may result in a recommendation that this action be dismissed for failure to prosecute.

DATED: April 28, 2022

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE