UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JUSTIN HATCHER, A.K.A. LEXI HATCHER,[1]

Plaintiff,

v.

G. JUNES, et al.,

Defendants.

No.  2:19-cv-0793 AC P

ORDER AND FINDINGS AND RECOMMENDATIONS

Plaintiff, a state prisoner proceeding pro se and in forma pauperis, seeks relief under 42 U.S.C. § 1983.  The action was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.  Defendants' motion to dismiss is now before the court.  ECF No. 41.  Plaintiff has filed a document that has been construed as an opposition (ECF No. 46), and defendants have filed a reply (ECF No. 49).  For the reasons stated below, the undersigned will recommend that defendants' motion be granted and the case be dismissed pursuant to Fed. R. Civ. P. 37(b) as a sanction for plaintiff's complete failure to participate in discovery.

////

////

---

[1]  Plaintiff is a transgender inmate.  See ECF No. 8 at 1 (motion to amend stating same).  The court uses her preferred pronouns throughout this order.

1

1          I.     FIRST AMENDED COMPLAINT

2          In the first amended complaint, plaintiff alleges that defendants Junes, Brazil, Benevides,

3    Vina and Perez subjected her to excessive force and violated her right to equal protection in

4    December 2018 at Mule Creek State Prison ("MCSP").  See ECF No. 10 at 1-2, 4-6. 8-14.  The

5    amended complaint alleges as follows.  During an appointment for a medical evaluation,[2]

6    defendant Brazil became physically aggressive with plaintiff and forcibly stripped her naked after

7    she refused medical treatment.  Brazil then sexually assaulted plaintiff.  She begged defendant

8    Junes to intervene, but he did not.  Instead, he simply watched.  During the incident plaintiff was

9    handcuffed so tightly that the cuffs cut into her wrists.  Brazil yelled, "transgenders do not have

10   rights to refuse anything!"

11         During escort following the trip to medical, defendants Brazil and Benevides slammed

12   plaintiff's head into a wall in the corridor, injuring her head.  When she fell to the ground, they

13   both punched and kicked her while her hands were cuffed behind her back.  During the assault,

14   Brazil yelled obscenities at plaintiff about her gender identity, threatened to kill her, and torn her

15   clothes open while Benevides and Vina grabbed at her body parts.  Defendant Junes witnessed

16   this and took no action.  The assault continued as plaintiff was then dragged into an office, while

17   Brazil levied homophobic and transphobic threats against plaintiff and threatened her life as

18   defendants Vina and Perez pinned her down.

19         Plaintiff alleges that the attack left her with multiple injuries.  See generally ECF No. 10.

20   She seeks general and punitive damages for the physical and mental anguish defendants caused

21   her.  Id. at 14-15.

22         II.     BACKGROUND

23         Plaintiff's first amended complaint ("FAC") was screened and ordered served in April

24   2021.  ECF No. 14.  In May 2021, defendants filed their executed waivers of service; the matter

25   was referred to the court's Alternative Dispute Resolution Project, and it was stayed.  ECF No.

26   22.  In July 2021, defendants filed a motion to opt out of ADR, which was granted.  ECF Nos. 27,

27   _____

28   [2]  The medical visit occurred because plaintiff had been involved in a physical altercation with
     another inmate.  ECF No. 10 at 8-9.

1  28.  The stay was accordingly lifted, and defendants were ordered to file a response to plaintiff's

2  FAC.  ECF No. 28.

3      In August 2021, defendants filed a motion to stay the proceedings pending the resolution

4  of a related criminal case pending against plaintiff in state court.[3]  ECF Nos. 29 (motion to stay),

5  30 (request for judicial notice of related pending criminal matter).  The motion was denied, and

6  defendants were given an additional thirty days to file a response to plaintiff's FAC.  ECF No. 31.

7      In October 2021, defendants answered the FAC.  ECF No. 32.  A discovery and

8  scheduling order issued.  ECF No. 33.  On February 17, 2022, defendants sought modification of

9  the discovery deadline because they had not received timely responses to their interrogatories,

10  requests for admissions, and requests for production.  ECF No. 34.  They had written to plaintiff

11  as a meet and confer effort, and they sought an extension of deadlines that would permit them to

12  receive and review the anticipated late discovery and then take plaintiff's deposition.  Id.  The

13  motion was granted.  ECF No. 35.

14      On March 9, 2022, defendants filed a motion to compel.  ECF No. 36.  They reported that

15  plaintiff had still provided no responses to the interrogatories, requests for admissions, and

16  requests for production that had been propounded.  These discovery requests sought information

17  related to the substance of plaintiff's claims (including basic matters such as the identities of any

18  witnesses) and to administrative exhaustion of the claims.  Id.  Shortly after filing the motion to

19  compel, defendants sought and were granted another modification of the scheduling order to

20  ensure time for compliance with the court's anticipated order on the motion, and to permit the

21  taking of plaintiff's deposition following any compelled production.  ECF Nos. 37, 38.

22      On April 28, 2022, the undersigned granted the motion to compel in relevant part.  ECF

23  No. 39.[4]  Plaintiff was clearly informed that she was obliged to participate in discovery, and she

24  was ordered to respond to all outstanding interrogatories and requests for production of

25  documents, without objections (which were deemed waived), within thirty days.  The matters

26

27  [3]  Plaintiff was being criminally prosecuted for battery on one of the defendants.  The charges
arose from the same incident that gives rise to her claims here.  See ECF Nos. 29, 30.

28  [4]  The motion was denied only insofar as it sought monetary sanctions from plaintiff.  Id.

3

1  specified in the unanswered requests for admission were deemed admitted.  Id. at 3-4.  Plaintiff

2  was cautioned that failure to comply with the order within the period allotted could result in a

3  recommendation that this action be dismissed for failure to prosecute.  Id. at 4.

4       III.    THE MOTION TO DISMISS

5       Defendants filed this motion in June 2022, and the court thereafter granted their request to

6  vacate the scheduling order pending its resolution.  ECF No. 43.  Plaintiff failed to file a response

7  to the motion within the required twenty-one-day period.  See L.R. 230(l).  After the expiration of

8  that period, she was ordered to file a response within thirty days.  ECF No. 44.  In August 2022,

9  plaintiff submitted a document that, among other things, requested copies of the discovery

10  requests that had been at issue on the motion to compel.  ECF No. 45.  The court construed the

11  document as an opposition to the motion to dismiss, and defendants were ordered to file a reply.

12  ECF No. 46.  They did so.  ECF No. 49.  Accordingly, the matter is fully briefed.

13       The motion seeks dismissal as a sanction for failure to obey the pretrial scheduling order,

14  as a sanction for failure to participate in discovery, and for failure to prosecute and obey court

15  orders generally.  See Rules 16(f), 37(b) and 41(b), Fed. R. Civ. P.  ECF No. 36.  Plaintiff

16  responds that she is a mental health patient with limited abilities and no access to assistance with

17  litigation, and is experiencing retaliation from correctional officials.  ECF No. 45.

18       IV.    STANDARDS

19       Although defendants invoke three separate Rules of Civil Procedure that authorize a

20  sanction of dismissal, their argument rests on plaintiff's failure to participate in discovery and to

21  obey a court order regarding discovery.  ECF No. 36.  "[W]here a party's noncompliance with a

22  discovery order is the asserted basis for dismissal as a sanction, the court must employ the

23  discovery-specific Rule 37 rather than relying on Rule 41(b)."  Sanchez v. Rodriguez, 298 F.R.D.

24  460, 463 (C.D. Cal. 2014); see Chambers v. NASCO, Inc., 501 U.S. 32, 49 n.14 (1991); Societe

25  Internationale Pour Participations Industrielles et Commerciales, S.A. v. Rogers, 357 U.S. 197,

26  207 (1958) (stating that the question of whether dismissal should be ordered because of

27  noncompliance with a discovery order "depends exclusively upon Rule 37 and that "[t]here is no

28  need to resort to Rule 41(b)"); see also Warne v. City & County of San Francisco, No. 16-CV-

4

1   06773-DMR, 2018 U.S. Dist. LEXIS 81994, 2018 WL 2215848, at *4 (N.D. Cal. May 15, 2018)

2   (considering defendants' dismissal request under Rule 37 even though defendants riled on Rule

3   41, because the orders at issue "concern discovery matters and therefore fall under Rule 37, and

4   not Rule 41").

5        In any event, "[t]he standards governing dismissal for failure to obey a court order are

6   basically the same" under Rule 37(b) and Rule 41(b).  Malone v. U.S. Postal Serv., 833 F.2d 128,

7   130 (9th Cir. 1987); see Yourish v. California Amplifier, 191 F.3d 983, 987 (9th Cir. 1999)

8   (dismissal under Rule 41(b) is "closely analogous" to the imposition of terminating sanctions

9   under Rule 37(b)); Toth v. Trans World Airlines, Inc., 862 F.2d 1381, 1385 n.1 (9th Cir. 1988)

10  ("The standards governing dismissal for failure to obey court orders are the same under Fed. R.

11  Civ. P. 37(b)(2)(C) or 41(b).").  The primary difference is the threshold requirement for

12  terminating sanctions under Rule 37(b) that the conduct have been intentional.  See In re Exxon

13  Valdez, 102 F.3d 429, 432 (9th Cir. 1996) (dismissal under Rule 37(b) requires a threshold

14  showing that the violation is due to willfulness, bad faith, or fault of the non-moving party).

15       Where this requirement is met, the Ninth Circuit employs a "five-part test, with three

16  subparts to the fifth part" to determine whether a terminating sanction under Rule 37(b)(2) is just:

17       (1) the public's interest in expeditious resolution of litigation; (2)
         the court's need to manage its dockets; (3) the risk of prejudice
18       to the party seeking sanctions; (4) the public policy favoring
         disposition of cases on their merits; and (5) the availability of less
19       drastic sanctions. The sub-parts of the fifth factor are whether the
         court has considered lesser sanctions, whether it tried them, and
20       whether it warned the recalcitrant party about the possibility of
         case-dispositive sanctions.
21

22  Connecticut Gen. Life Ins. Co. v. New Images of Beverly Hills, 482 F.3d 1091, 1096 (9th Cir.

23  2007) (footnotes omitted).[5]  "This 'test' is not mechanical.  It provides the district court with a

24  way to think about what to do, not a set of conditions precedent for sanctions or a script that the

25  district court must follow."  Id.

26  ////

27

28  ───────────────
    [5] These are the same factors considered under Rule 41(b).  Sanchez, supra, 298 F.R.D. at 464.

1  V.      DISCUSSION

2         A.      Willfulness

3       The first question is whether plaintiff's persistent non-participation in discovery, and

4  failure to comply with the motion to compel, were willful and/or her fault.[6]  Although

5  circumstances beyond a litigant's control do not demonstrate willfulness in the sanctions context,

6  Jorgensen v. Cassiday, 320 F.3d 906, 912 (9th Cir. 2003), plaintiff has not established that such

7  circumstances prevented her compliance.  Plaintiff's belated response to the motion to dismiss—

8  received only after she was ordered to cure her initial failure to respond to the motion, which

9  followed her failure to respond to discovery, her failure to respond to the motion to compel, and

10  her failure to comply with the order compelling production—raises for the first time

11  circumstances arguably beyond her control that have affected her ability to litigate.  Plaintiff cites

12  her current status as a participant in an enhanced outpatient mental health program, her various

13  functional limitations and general need for assistance with litigation, ongoing retaliation from

14  corrections staff, and separation from her legal property.  ECF No. 45 at 1-2.  She states that she

15  is unable to respond to defendants' discovery requests because she is no longer in possession of

16  them, due to officers purposefully and maliciously disposing of all her legal documents.  Id. at 2-

17  3.

18         Defendants dispute plaintiff's claim of separation from her legal property, and they have

19  provided evidence to the contrary.  ECF No. 49-1.  It is unnecessary to resolve this factual

20  dispute.  Plaintiff's plea comes far too late, and she has not addressed the circumstances of her

21  past failures to respond to discovery requests and to court orders—the "opposition" focuses

22  largely on circumstances at the time of its filing.[7]  As defendants emphasize in reply, plaintiff did

23  not raise any of these concerns when she was first contacted about her overdue discovery

24  responses, or in relation to the motion to compel.  Nor did she ever seek extensions of time to

25  comply with her discovery obligations, on these grounds or any other, either before or after being

26  _____

[6] There is no basis for a finding of bad faith here.

27  [7] An exception is plaintiff's allegations of retaliation, which she claims has been ongoing.
    However, the allegations are conclusory and not linked to her ability to comply with the Federal
28  Rules and court orders as relevant here.

ordered by the court to do so.  During the course of litigation of the motion to compel, and even in its aftermath, plaintiff never said that she did not have copies of the discovery requests at issue.

This record undercuts any claim that plaintiff's non-compliance with the rules and with court orders was due to circumstances beyond her control.  The consistent pattern of non-participation and non-compliance support a finding of willfulness.  The undersigned finds that plaintiff is at fault for her failure to comply, in the sense that she is responsible for her own failures to act—if only by seeking additional time and explaining why it was needed—when action was required.

                           B.     The Five-Factor Test

First, the public's interest in expeditious resolution of litigation has been thwarted by plaintiff's complete failure to participate in discovery, which has prevented this case from advancing at all since the first scheduling order issued.  This factor favors dismissal.

Second, the court's need to manage its docket also weighs in favor of dismissal.  This case has been entirely stalled for too long.  It has required the court's attention and effort for the sole purpose of trying to get plaintiff's attention and invite her participation in her own lawsuit—to no avail.  Especially in such a burdened court,[8] the interests of judicial economy weigh strongly in favor of dismissal.  Further investment of judicial resources in a case that plaintiff has effectively abandoned is not justifiable.[9]  See Ferdik v. Bonzelet, 963 F.2d 1258, 1261 (9th Cir. 1992) (giving significant weight to considerations of judicial economy).

---

[8]  The Eastern District of California carries one of the largest and most heavily weighted caseloads in the nation.  See Office of the Clerk, United States District Court, Eastern District of California, 2022 Annual Report, "Workload Statistics," p. 35 (2022) ("[O]ur weighted caseload far exceeds the national average . . . ranking us eighth in the nation and second in the Ninth Circuit.").  This problem is compounded by a shortage of jurists to review its pending matters.  See generally id. (stating 202[2] Biennial Judgeship Survey recommended preliminary request for four additional permanent judgeships for Eastern District of California).

[9]  On two occasions since the motion to dismiss was submitted for decision, mail addressed to plaintiff has been returned to the court.  See docket annotation dated September 6, 2022 (mail returned as "Undeliverable; Attempted"); docket annotation dated September 20, 2022 (mail returned as "Undeliverable; Refused").  It appears that in addition to her discovery failures, plaintiff has failed to comply with Local Rule 183(b), which requires that a party appearing in propria persona inform the court of any address change.

1       Third, the risk of prejudice to defendants is high where there is no realistic prospect that

2 the case will advance.  Prejudice against a party may be presumed when there is unreasonable

3 delay in the prosecution of a case.  See Moore v. Telfon Commc'ns Corp., 589 F.2d 959, 967-68

4 (citing Alexander v. Pacific Maritime Ass'n, 434 F.2d 281, 283 (9th Cir. 1970)).  The delay

5 caused here by plaintiff's non-participation is unreasonable and supports a presumption of

6 prejudice.  Even without the benefit of a presumption, defendants are prejudiced where a

7 plaintiff's actions impair their ability to go to trial or threaten to interfere with the rightful

8 decision of the case—including by failing to produce discovery.  In re Phenylpropoanolamine

9 Products Liability Litigation, 460 F.3d 1217, 1227 (9th Cir. 2006) (quoting Adriana Int'l Corp. v.

10 Thoeren, 913 F.2d 1406, 1412 (9th Cir.1990)).  It is fundamentally unfair for the defendants in

11 this case to remain involuntarily engaged in litigation that the plaintiff is not moving forward to

12 conclusion.

13       Fourth, the public policy favoring disposition of cases on their merits always weighs

14 against dismissal.  Yourish v. Cal. Amplifier, 191 F.3d 983, 992 (9th Cir. 1999).  Here, however,

15 this factor carries little weight in light of plaintiff's record of non-involvement in her own case.

16 See Leon v. IDX Sys. Corp., 464 F.3d 951, 960-61 (9th Cir. 2006) (policy favoring merits

17 adjudication is not, without more, sufficient to outweigh other factors).

18       Fifth, less drastic sanctions have been tried and failed.  See ECF No. 39.  When the

19 motion to compel was granted in part and denied in part, the court admonished plaintiff and

20 reminded her of her obligation to follow applicable rules and to participate in the litigation

21 process.  Id. at 3.  She suffered the consequence of having matters admitted because she had not

22 responded to requests for admission, and she was granted additional time to comply with her

23 other obligations and avoid further negative consequences from her initial failures.  Id. at 4.  This

24 did not result in compliance.  Lastly, the recalcitrant party was warned about the possibility of

25 case-dispositive sanctions.  The court expressly warned plaintiff that "failure to comply with this

26 order within the period allotted may result in a recommendation that this action be dismissed for

27 failure to prosecute."  Id.

28       On balance, consideration of these factors supports dismissal under Rule 37(b).

1    CONCLUSION

2    Accordingly, IT IS HEREBY ORDERED that the Clerk of Court shall randomly assign a

3    District Judge to this action.

4    IT IS FURTHER RECOMMENDED that:

5    1.  Defendants' motion to dismiss (ECF No. 41) be GRANTED;

6    2.  That this matter be DISMISSED with prejudice pursuant to Fed. R. Civ. P.

7    37(b)(2)(A)(v); and

8    3.  This case be CLOSED.

9    These findings and recommendations are submitted to the United States District Judge

10   assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

11   after being served with these findings and recommendations, any party may file written

12   objections with the court and serve a copy on all parties.  Such a document should be captioned

13   "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the

14   objections shall be served and filed within fourteen days after service of the objections.  The

15   parties are advised that failure to file objections within the specified time may waive the right to

16   appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

17   DATED: September 29, 2023

18   _____

19   ALLISON CLAIRE
     UNITED STATES MAGISTRATE JUDGE

20

21

22

23

24

25

26

27

28

9