UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUSTIN HATCHER, A.K.A. LEXI HATCHER,<br><br>        Plaintiff,<br><br>    v.<br><br>G. JUNES, et al.,<br><br>        Defendants. | No. 2:19-cv-0793 WBS AC P<br><br>ORDER |

    Plaintiff, a state prisoner proceeding pro se, has filed this civil rights action seeking relief under 42 U.S.C. § 1983.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

    On September 29, 2023, the magistrate judge filed findings and recommendations herein which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within fourteen days.  ECF No. 50.  Neither party has filed objections to the findings and recommendations.

    Upon reviewing the file, the court noted that plaintiff had previously moved for appointment of counsel (ECF No. 23) and that the Magistrate Judge denied that motion on June 4, 2021 (ECF No. 24).  Under the circumstances now presented, the court reconsidered that ruling and concluded that it would be appropriate to seek voluntary assistance of counsel to confer with

1

plaintiff before ruling on the Magistrate Judge's findings and recommendations.  See Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989); Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991).  Accordingly, the court instructed its pro bono coordinator to make efforts to find an attorney to confer with plaintiff, and if deemed appropriate take over the representation of plaintiff in this case.

While numerous attorneys volunteer to have their names placed on the list of those willing to represent plaintiffs *pro bono* in cases under 42 U.S.C. § 1983, when it comes down to actually accepting the appointment very few are willing to so.  In this case, the pro bono coordinator was able to contact Jenny Huang, a qualified civil rights attorney in Oakland, who agreed to confer with plaintiff.  The court has been informed that Ms. Huang reached out to plaintiff's parole agent and also left several messages with the program director where plaintiff currently resides as a parolee, and that plaintiff has not responded to any of Ms. Huang's communications.  Under these circumstances, the court must conclude that plaintiff is no longer interested in receiving legal assistance or in proceeding further with this lawsuit.  The court thanks Ms. Huang for her efforts and her willingness to serve.

The court finds the findings and recommendations to be supported by the record and by the magistrate judge's analysis.  Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed September 29, 2023, are adopted in full;

2. Defendants' motion to dismiss (ECF No. 41) is GRANTED;

3. This matter is DISMISSED with prejudice pursuant to Fed. R. Civ. P. 37(b)(2)(A)(v); and,

4. This case is CLOSED.

Dated:  January 5, 2024

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE